(88 South. 664)

**JACKSON v. JACKSON et al.  (2 Div. 735.)**

(Supreme Court of Alabama.  April 4, 1921.)

**Wills ⏀617—Bequest held only of life estate.**

Under a will, "I bequeath unto S. all of my property .of every description, personal, real and mixed, during her natural life only," S. took a life estate only which was not changed by subsequent clause: * * * All money left after the death of S. to be divided as follows: Three-fourths of the amount to go to L., E., and L. A., share and share alike."

Appeal from Circuit Court, Perry County; B. M. Miller, Judge.

Bill by Sallie Jackson, individually and as executrix of the estate of Mary A. Cottrell, deceased, against Louvenia Jackson and others to construe the will of said Mary A. Cottrell and to remove the administration from the probate to the chancery court. From the decree rendered, complainant appeals. Affirmed.

Item 3 of the will is as follows:

"I bequeath unto my sister Sallie Jackson, all of my property of every description, personal, real and mixed, during her natural life only."

Item 4 provides for a different distribution after the death of Sallie Jackson.

Item 5:

"All money left after the death of my sister, Sallie Jackson to be divided as follows: Three-fourths of the amount to go to Lillie Hendricks Russell, Essie Jackson, and Louvenia Ann Jackson, share and share alike."

Item 6 provides for the distribution of the balance of her money.

The court held, in effect, that Sallie acquired all the property for her natural life only, and that item 5 disposed of all money left at the time of the death of the deceased and not at the time of the death of Sallie Jackson, and that she be given the alternative of paying the money into court for investment; the income to be paid to her during her life or to give bond for the forthcoming of the same at her death.

Arthur M. Pitts, of Selma, for appellant.

It is the purpose to carry out the intention of the testator. 2 Stew. 170; 43 Ala. 666; 176 Ala. 250, 57 South. 849; 1 Stew. 536; 184 Ala. 144, 63 South. 651; 182 Ala. 194, 62 South. 284. If there is a conflict between two provisions of the will, the latter provision will prevail. 2 Stew. 170; 17 Ala. 396. The will gives absolute power of disposition and any future estate is limited by this power. Sections 3423–3426, Code 1907;

79 Ala. 63; 85 Ala. 452, 5 South. 219, 18 Ala. 132; 174 Ala. 289, 56 South. 533.

C. C. Johnston, of Marion, for appellees.

Every attempt to reconcile the provisions must be made before a later clause is given precedence over a former one. 17 Ala. 396; 37 Ala. 37; 74 South. 952; 200 Ala. 178, 75 South. 926; 40 Cyc. 1417. Counsel for appellant improperly construes item 5 of the rule. 65 Ala. 321; 116 Va. 414, 82 S. E. 181; 40 Cyc. 1403; 185 Ind. 81, 113 N. E. 292. The decree was entirely authorized by the facts. 116 Ala. 264, 22 South. 485.

ANDERSON, C. J. Item 3 of the will gives Sallie Jackson all of the property, of every description, "during her life only." This language is plain and unambiguous and leaves nothing open for interpretation. It is suggested, however, in brief of appellant's counsel, that while this would be the case if item 3 stood alone, item 5 of said will is inconsistent therewith and being the subsequent clause should prevail; that while item 3 gives all of the property to Sallie Jackson for life only, item 5 attempts to dispose only of so much of the personal property, or money, as may be left at the time of the death of said Sallie Jackson, thus giving her the right to dispose of the money before her death and thereby creating in her an absolute estate as to same. We cannot concur in this contention and do not think that item 5 is in conflict with or repugnant to item 3. It is true, item 5 makes a disposition to the remaindermen only of such money left after the death of Sallie Jackson, but this was in no sense intended to give her the right to dispose of the corpus, except in so far as it may be necessary to comply with items 1 and 2 as to the payment of debts and the erection of tombstones. The testatrix may have also felt that some of the money may have been lost, through no fault or responsibility of Sallie Jackson during her life, and made provision only for what was on hand at her death, but did not thereby intend to give her the absolute right of disposition during her life. We cannot say that the life estate expressly limited by item 3 was enlarged by an inference to be drawn from item 5, simply because it mentions the money remaining after the death of Sallie Jackson.

As Sallie Jackson is only entitled to the use of the property for her life, the remaindermen are, of course, interested in the preservation of the estate during her life, and upon the showing made by them, the trial court, sitting in equity, was justified in assuming control of the fund for the preservation of same and in directing the investment thereof for the benefit of all interested parties, in

case the life tenant did not elect to retain same by the execution of a proper bond.

The decree of the circuit court is affirmed. Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.